[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to the court on September 3, 1991 alleging breach of contract and unjust enrichment. It was tried to the court January 24, 1992.
The court finds the following facts. On October 3, 1990 Peter DeMilio and the defendant Otto Veglio, Jr. entered into a lease agreement for the premises owned by Veglio at 4 Woodbine Circle in Bridgeport. The plaintiff gave Veglio a security deposit of $1200 and the first month's rent of $1200.
Occupancy pursuant to the lease was to begin on November 1, 1991. When the time for occupancy neared, Veglio indicated he needed more time to allow his daughter who lived at the premises to vacate and to ready the apartment for DeMilio and his fiancee, Eleanor Musiol. Both parties agreed that the lease would commence on November 7, 1991.
On November 7 the plaintiffs went to the premises and found debris in the front area and in the back area of the house. They perceived an oil smell from the furnace an item which was to have been remedied by the landlord. They noted that a switchplate was CT Page 1871 missing on a wall; that the garage was partially filled on one side with items being stored, and the downstairs bathroom was littered. They also noted that a sliding glass door 10 feet above the ground gave onto no platform or deck. They decided not to lease the premises as they expected to have DeMiolio's children visit with them and were concerned about safety. They notified Veglio and asked for a refund of their money. After first promising to return the money he later refused to return it.
A lease is a contract. Robinson v. Weitz, 171 Conn. 545, 551. The court finds no merit to the plaintiffs' complaint about the deck. When they first saw the house they could observe the lack of one immediately. They did not ask the landlord if he intended to attach a deck and he made no such representation. The court also finds that a missing switchplate is not so significant an item that it merits the brach of a contract. The smell of oil from the furnace was caused by the landlord's having had the furnace repaired, however he did not communicate this to the plaintiffs who believed that the furnace problem had been ignored.
However, the accumulation of debris in the front and back yards and of the items in the garage constitutes a breach of contract. Although paragraph 36 of the lease stated that the tenant would take the premises "as is", the parties had discussed the state of the premises and the landlord had assured the tenants that the premises would be in good condition when they moved in. The landlord's assertion that raccoons were at fault was not wholly convincing when photographs of the back yard showed ladders and a broken pallet and other debris. In addition, the right hand side of the garage, as one faces it from the exterior of the house, was to have been for the tenants' use. It was cluttered with items stored there such as outdoor lighting fixtures, rolled rugs, a battery and sundry other articles. The plaintiffs did not call the landlord nor ask him to remove these items, nor ask whether they might park in the vacant half of the garage.
Pursuant to Section 47a-7 (a) of the General Statutes "a landlord shall . . . (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. . . (5) provide and maintain appropriate receptacles for the removal of . . . garbage, rubbish and other waste incidental to the occupancy of the dwelling unit and arrange for their removal . . . ."
The failure of the landlord to comply with his statutory duties and to comply with the terms of the lease agreement by tendering possession on November 7 constitute a breach of contract. The court need not address the second count claim of unjust enrichment. Accordingly, the court finds judgment for the plaintiffs in the amount of $2400. CT Page 1872
LEHENY, J.